**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**ALTAIR S.R.L.,**

    **Plaintiff,**

**v.**                                                   **Case No: 5:15-cv-329-Oc-30PRL**

**HIS WIND, LLC**

    **Defendant.**

## ORDER

Before the Court is Plaintiff Altair S.R.L.'s motion for issuance of a writ of garnishment directed to Bank of America, N.A. (Doc 22), along with its motion to seal documents related to the issuance of the writ (Doc. 21), both of which have been filed under seal and which the Court construes as *ex parte* motions for a writ of garnishment.

On February 25, 2016, a final default judgment was entered in favor of Plaintiff and against Defendant. (Doc. 17). Plaintiff now moves for a writ of garnishment to satisfy the outstanding judgment in the amount of $438,992.22, the full amount of which remains due and owing. Plaintiff believes that Defendant maintains one or more accounts with Bank of America, N.A.

Pursuant to Fed. R. Civ. P. 64, the Court must follow state law with regard to garnishment procedures. *See* Fed. R. Civ. P. 64. Chapter 77 of the Florida Statutes prescribes the procedure for issuance and enforcement of writs of garnishment. To obtain a writ of garnishment after judgment, Plaintiff is required to file a motion stating the amount of the judgment. *See* Fla. Stat. § 77.03. Plaintiff satisfied this requirement in its motion for the issuance of writ of garnishment to Bank of America, N.A. (Doc. 22).

After a writ is issued, under Fla. Stat. § 77.041(2), the plaintiff must serve a defendant with a copy of the writ of garnishment and a copy of the motion for writ of garnishment "within five business days after the writ is issued, or three business days after the writ is served on the garnishee, whichever is later."  After serving the defendant with the writ and the motion, then the "plaintiff shall file in the proceeding a certificate of such service."  Fla. Stat. § 77.041(2).

Plaintiff represents that this order should be sealed to preserve the element of surprise inherent in the issuance of a writ of garnishment.  However, given the stringent standard for sealing a document and this Circuit's disfavor of such, the motion to seal is due to be denied. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

Upon due consideration, Plaintiff's *ex parte* Motion for Writ of Garnishment (Doc. 22) is **GRANTED** and the Clerk is **DIRECTED** to issue the Writ of Garnishment attached to Plaintiff's motion (Doc. 22-1).  Given the *ex parte* construction of the writ, the Motion to Seal (Doc. 21) is **TERMINATED AS MOOT**.  The Clerk is **DIRECTED** to terminate Documents 21 and 22 and re-file them as *ex parte* motions.

**DONE** and **ORDERED** in Ocala, Florida on April 25, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record