# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

ALTAIR S.R.L.,

    Plaintiff,

v.                                                Case No:  5:15-cv-329-Oc-30PRL

HIS WIND, LLC,

    Defendant.
_____/

## AMENDED ORDER[1]

THIS CAUSE comes before the Court upon Plaintiff's Verified Motion for Award of Attorney's Fees, Expenses, and Costs (Doc. 18).  Defendant, who is in default and has had default judgment entered against it, has not responded to Plaintiff's motion.  Upon review of the motion and the evidence submitted in support of the motion, the Court concludes that the motion should be granted in part.

## BACKGROUND

Plaintiff initiated this action against Defendant alleging claims for (1) breach of contract, (2) breach of express warranty, (3) breach of the implied warranty of fitness for a particular purpose, (4) breach of the implied warranty of merchantability, (5) breach of contract, and (6) violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.204.  (Doc. 1).  When Defendant failed to answer or otherwise respond to Plaintiff's complaint, Plaintiff sought an entry of default against

---

[1]This order was amended only to include a directive to the Clerk to enter judgment in favor of Plaintiff for the total amount of attorney's fees, costs, and expenses.

Defendant, which was entered on August 6, 2015.  (Docs. 6, 7).  Plaintiff subsequently sought final default judgment against Defendant.  (Doc. 10).  Following an evidentiary hearing as to damages on February 4, 2016, the Court granted the motion for final default judgment, awarding Plaintiff $438,992.22 in damages plus pre- and postjudgment interest. (Docs. 17).

Plaintiff now seeks compensation in the amount of $76,657.64, comprising $27,214 in attorney's fees, $2,367.64 in expenses, $46,596 in expert fees, and $480 in costs.  (Docs. 18, 19).

## DISCUSSION

**1. Entitlement to Fees**

The FDUTPA provides: "In any civil litigation resulting from an act or practice involving a violation of this part, . . . the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party."  Fla. Stat. § 501.2105(1).  Plaintiff, who prevailed on a motion for final default judgment, is the prevailing party in this case.  *See Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 368 (Fla. 2013) (defining a prevailing party under FDUTPA as a party who "receive[d] a favorable judgment from a trial court with regard to the legal action, including the exhaustion of all appeals").

Nevertheless, it is within the discretion of the Court to award fees and costs under FDUTPA.  *PODS Enters., LLC v. U-Haul Int'l., Inc.*, No. 8:12-cv-1479-T-27MAP, 2015 WL 5021726, at *22 (M.D. Fla. Aug. 24, 2015).  A court's considerations might include, but are not limited to:

(1) the scope and history of the litigation;

(2) the ability of the opposing party to satisfy an award of fees;

(3) whether an award of fees against the opposing party would deter others from acting in similar circumstances;

(4) the merits of the respective positions—including the degree of the opposing party's culpability or bad faith;

(5) whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless;

(6) whether the defense raised a defense mainly to frustrate or stall; [and]

(7) whether the claim brought was to resolve a significant legal question under FDUTPA law.

*Chow v. Chau*, No. 14-14654, 2015 WL 7258668, at *4 (11th Cir. Nov. 17, 2015) (quoting *Humane Soc'y of Broward Cty., Inc. v. Fla. Humane Soc'y*, 951 So. 2d 966, 971-72 (Fla. 4th DCA 2007)). Considering these factors, most are neutral, but several weigh in favor of awarding Plaintiff attorney's fees, including that an award of attorney's fees would serve as a deterrent to others and that Plaintiff's position was meritorious. Plaintiff is therefore entitled to an award of attorney's fees.

## 2. Amount of Attorney's Fees

FDUTPA requires "[t]he attorney for the prevailing party [to] submit a sworn affidavit of his or her time spent on the case and his or her costs incurred for all the motions, hearings, and appeals to the trial judge who presided over the civil case." Fla. Stat. § 501.2105(2). Plaintiff has complied with this requirement by filing the declaration of Stephanie Reed Traband, which includes the relevant billing records and other evidence of costs and expenses. (Doc. 18, Ex. 1).

In awarding attorney's fees, the Court must determine whether the requested fees are reasonable.

> Calculating an appropriate fee award under federal law involves a two-step process. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988). The court first calculates the "lodestar" by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate. *Id.* The court may then adjust the lodestar upward or downward based on an evaluation of the factors articulated in *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983),[2] that have not been subsumed in the lodestar calculation. *Id.*

*Raetano v. Msawel*, No. 8:12-cv-1625-T-30TBM, 2013 WL 1465290, at *1 (M.D. Fla. Apr. 11, 2013).[3] The Eleventh Circuit has recognized that "the computation of a fee award is necessarily an exercise of judgment," and that, "there is no precise rule or formula for making these determinations." *Id.* (internal quotation marks omitted). The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Id.* (internal quotation marks omitted).

**A. Reasonable Hours**

First, the Court must determine the number of hours reasonably expended on the litigation. Here, Stephanie Reed Traband spent 56.1 hours and Victor Petrescu spent 15.4 hours in pursuing Plaintiff's case for a total of 71.5 hours. These hours reflect time spent on (1) presuit correspondence and legal analysis of the case, (2) preparation of the

---

[2]These factors include: (1) the time and labored required; (2) the novelty and difficulty of the question involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment due to acceptance of this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (2003). The manner in which the *Johnson* factors influence an award of fees must be elucidated by the court. *See In re Celotex Corp.*, 227 F.3d 1336, 1341 (11th Cir. 2000).

[3]Florida also uses the lodestar approach in determining reasonable attorney's fees. *See Fla. Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985).

4

complaint, (3) preparation of the motions for clerk's default and default judgment, and (4) preparation and participation in the evidentiary hearing on the damages requested in Plaintiff's motion for default judgment. (Doc. 18 at 2-3).

This was not a novel or complex case. Plaintiff proceeded unchallenged and prevailed at an early stage of the litigation. Considering these *Johnson* factors, the Court finds the number of hours expended by Traband and Petrescu unreasonable. Thus, a twenty percent (20) percent across-the-board reduction will be applied to the hours submitted by Traband and a thirty (30) percent across-the-board reduction will be applied to the hours expended by Petrescu. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (noting that if a court finds the number of hours claimed unreasonably high, the court may either conduct an hour-by-hour analysis or it may reduce the hours using an across-the-board cut). Consequently, Traband's hours are reduced to 44.88 and Petrescu's hours are reduced to 10.78.[4]

## B. Reasonable Hourly Rate

After determining the number of hours reasonably expended on the case, the Court must determine whether Plaintiff's attorneys charged a reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. "The general rule is that the relevant market for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999)

---

[4]These figures are reached by reducing the number of hours spent on the case by Traband by twenty percent (56.1 x .8 = 44.88) and Petrescu by thirty percent (15.4 x .7 = 10.78).

(internal quotation marks omitted); *Ceres Environ. Servs., Inc. v. Colonel McCrary Trucking, LLC*, 476 F. App'x 198, 202 (11th Cir. 2012). In determining the reasonableness of the hourly rate, the court may consider the twelve *Johnson* factors. *Johnson*, 488 F.2d at 717-19. The court may also consider its own knowledge and experience in its determination of a reasonable fee. *Norman,* 836 F.2d at 1303.

According to the billing statements provided by Traband, Traband charged an hourly rate of $400 and Petrescu charged an hourly rate of $310. (Doc. 18, Ex. 1). Traband, a partner at Levine Kellogg Lehman Schneider + Grossman LLP, has been practicing law for approximately eighteen years and has significant experience litigating matters involving complex commercial transactions. (Doc. 18, Ex. 1). Petrescu, a sixth-year associate at Levine Kellogg Lehman Schneider + Grossman LLP, also practices in the area of complex commercial litigation. (*Id.*, Ex. 1). Given the nature of the litigation and the experience of Traband, the Court concludes that Traband's hourly rate is reasonable. However, in the Court's knowledge and experience, the rate requested for Petrescu is unreasonable based upon Petrescu's level of experience and the customary fee charged in this market for this type of work. His hourly rate will therefore be reduced to $250.

**C. Lodestar**

With an hourly rate of $400 for Traband and hours expended at 44.88 and an hourly rate of $250 for Petrescu with hours expended at 10.78, Plaintiff is entitled to recover attorney's fees in the amount of $20,647.[5]

---

[5] This figure was reached by calculating the fees for Traband ($400 x 44.88 = $17,952) and adding them to the fees for Petrescu ($250 x 10.78 = $2,695).

6

### 3. Reasonable Costs and Expenses

Under FDUTPA, Plaintiff seeks to recover reasonable out-of-pocket expenses in the total amount of $49,195.35, comprising $13.53 for postage, $100 for overnight courier charges, $1,261.71 in translation services, $231.67 in Westlaw research charges, $992.44 for travel expenses, and $46,596 in expert witness fees. (Doc. 18 at 6-7). Plaintiff also seeks an award of costs pursuant to 28 U.S.C. § 1920 in the amount of $480, comprising $400 for the filing fee and $80 for service of process. (Doc. 19).

#### A. Costs under § 1920

Pursuant to § 1920, the following may be taxed as costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under [28 U.S.C. § 1923]; [and]

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

*See generally Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987), *superseded on other grounds by* 42 U.S.C. § 1988(c) (finding that 28 U.S.C. § 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the discretionary authority granted in Rule 54(d)). The party seeking an award of costs or expenses bears the burden of submitting a request that enables

a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994).

Under § 1920, Plaintiff seeks reimbursement in the amount of $400 for the filing fee and $80 for service of summons upon Defendant. Fees of the clerk and marshal are recoverable under § 1920(1). However, private process server fees may be awarded under § 1920(1) only to the extent they "do not exceed the statutory fees authorized in § 1921," which is $65.00 per hour for each item served, plus travel costs and out-of-pocket expenses. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000); 28 C.F.R. § 0.114(a)(3). Because Plaintiff did not document its process servers' costs or expenses, its recoverable fee will be limited to $65. Consequently, Plaintiff may recover $465 for the filing fee and service of process upon Defendant.

### B. Expenses under FDUTPA

In addition to the costs taxable under § 1920, FDUTPA allows for an award of non-taxable costs, i.e., those costs not recoverable under § 1920. *Chow*, 2015 WL 7258668, at *11 (citing Fla. Stat. § 501.2105(1)-(4)). Under FDUTPA, Plaintiff seeks to recover reasonable out-of-pocket expenses in the total amount of $49,195.35, comprising $13.53 for postage, $100 for overnight courier charges, $1,261.71 in translation services, $231.67 in Westlaw research charges, $992.44 for travel expenses, and $46,596 in expert witness fees. (Doc. 18 at 6-7).

### i. Postage

Plaintiff seeks to recover $13.53 for costs spent on postage. (Doc. 18, Ex. 1-D). Although Plaintiff provides documentation reflecting this expense, Plaintiff does not detail what was sent or for what purpose and how this expense is related to the litigation. Consequently, Plaintiff is not entitled to recover this expense under FDUTPA.

### ii. Overnight Courier Charges

Plaintiff seeks $100 for overnight courier charges. (Doc. 18, Ex. 1-E). Once again, Plaintiff provides documentation reflecting this expense, but does not detail what was sent or for what purpose and how this expense is related to the litigation. Plaintiff will not be reimbursed for this cost.

### iii. Translation Services

Plaintiff seeks $1,261.71 for expenses related to translating the expert report submitted in support of its motion for final default judgment. (Doc. 18, Ex. 1-F). Because this expense was incurred in relation to the litigation, Plaintiff should be awarded $1,261.71 for the cost of translating Plaintiff's expert report.

### iv. Westlaw Research Charges

Plaintiff requests reimbursement for $231.67 in charges incurred for legal research on Westlaw. (Doc. 18, Ex. 1-G). Because this expense was incurred in relation to the litigation, Plaintiff should be awarded $231.67 for charges incurred for legal research on Westlaw.

### v. Travel Expenses

Plaintiff requests reimbursement for $992.44 in travel expenses incurred by Traband in for attending the evidentiary hearing on Plaintiff's motion for final default judgment on February 4, 2016, including hotel accommodations, meals, taxi fares, and airfare. (Doc. 18, Ex. 1-H). Although it appears that this expense was incurred in relation to the litigation, the Court does not find that it is reasonable. It was Plaintiff's prerogative to choose an attorney from Miami, Florida (the Southern District of Florida), rather than an attorney from the Middle District of Florida. It would be unfair to burden Defendant with this expense for Plaintiff's choice. Plaintiff will not be reimbursed for this expense.

### vi. Expert Witness Fees

Last, Plaintiff seeks to recover $46,596 for expert witness fees, which included preparation of a report prepared by Francesco Cangelosi submitted in support of Plaintiff's motion for final default judgment and preparation of a report prepared by Enalpi S.R.L. detailing technical deficiencies in one of the turbines provided to Plaintiff, which Cangelosi relied upon in preparing his report. (Doc. 18, Ex. 1-I).[6] These fees are excessive on their face and are not reasonable. The fee is almost double the attorney's fees requested by Plaintiff.

Nevertheless, the reports were procured in support of Plaintiff's motion for final default judgment, so Plaintiff is entitled to recover a reasonable amount for this expense.

---

[6]The invoices provided by Plaintiff appear to be in Italian. (Doc. 18, Ex. 1-I). The Court questions how it is to determine whether these expenses were reasonably incurred when it is not able to read the invoices provided by Plaintiff.

10

Relying on its judgment and expertise, the Court concludes that an award of $5,000 is more than sufficient to reasonably compensate Plaintiff for preparation of these reports.

## CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff is entitled to an award of $20,647 in attorney's fees, $465 in costs under § 1920, and $6,493.38 in expenses under FDUTPA.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. Plaintiff's Verified Motion for Award of Attorney's Fees, Expenses, and Costs (Doc. 18) is GRANTED in part as follows:

   A. Plaintiff is entitled to an award of $20,647 in attorney's fees;

   B. Plaintiff is entitled to an award of $465 in costs; and

   C. Plaintiff is entitled to an award of $6,493.38 in expenses.

2. These amounts shall accrue interest at the federal statutory rate.

3. The Clerk is directed to enter judgment in favor of Plaintiff and against Defendant in the total amount of $27,605.38 for attorney's fees, costs, and expenses.

**DONE** and **ORDERED** in Tampa, Florida, this 29th day of April, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record